548 A.2d 1339

Richard H. Lundy, Jr., t/d/b/a Old City Hall Partnership, Appellant *v.* City of Williamsport, Lycoming County and Williamsport Area School District, Appellees.

*Douglas N. Engelman,* with him, *Richard H. Lundy, Jr., Roesgen, Larrabee & Brown,* for appellant.

*Norman M. Lubin, Casale & Bonner, P.C.,* for appellee, City of Williamsport.

*J. David Smith, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht,* for appellee, Lycoming County.

*Nathan W. Stuart,* for appellee, Williamsport Area School District.

OPINION BY SENIOR JUDGE BARBIERI, October 20, 1988:

Richard H. Lundy, Jr., t/d/b/a Old City Hall Partnership (Appellant) appeals the order of the Court of Common Pleas of Lycoming County sustaining the preliminary objections of the City of Williamsport, Lycoming County and Williamsport Area School District (Appellees). We hold that the trial court was correct in dismissing Appellant's equity complaint for lack of subject matter jurisdiction.

In 1982, Appellant purchased a building from the City of Williamsport known as Old City Hall which was advertised as having LERTA benefits. LERTA stands for Local Economic Revitalization Tax Assistance Act (Act), a program enacted pursuant to the Act of December 1, 1977, P.L. 237, *as amended,* 72 P.S. §§4722-4727, by which municipalities may pass an ordinance exempting from real estate taxes improvements made to existing structures or new construction. Under Section 6 of the LERTA Act, 72 P.S. §4727, persons desiring tax exemptions must apply to the local taxing authority which then assesses separately the improvements made in order to determine the amount of the exemption. Appeals from such reassessments may be taken by the taxpayer or local taxing authority as provided by law. Prior to 1982, the City of Williamsport had enacted a LERTA

Ordinance which stated that appeals were to be taken to a LERTA appeal board.

The City of Williamsport's LERTA Ordinance provided that notice of the LERTA application requirements must appear on any building permits issued. In fact, Appellant received a building permit with LERTA stamped in the corner but no application notice or instructions on the permit. Appellant received a letter from the City treasurer informing him that he would receive LERTA benefits and his initial tax bill was calculated with a LERTA exemption. Appellant relied on the representations of the City that he was entitled to LERTA benefits and never filed an application for exemption as required by both the LERTA Act and the City's Ordinance. In November of 1983, after Appellant had made substantial improvements to the property, the City informed him that LERTA benefits would be denied because Appellant had never filed an application.

Appellant then filed an application, which was denied, and appealed to the LERTA appeal board. By decision dated April 26, 1985, the appeal board denied Appellant's application as untimely filed. Two further appeals to the board were also denied on January 14, 1986, and March 25, 1986. Appellant did not appeal these denials to the trial court. Instead, on September 15, 1986, Appellant filed this instant equity action seeking to compel the City to award him LERTA benefits on the grounds of equitable estoppel. The County of Lycoming and Williamsport Area School District filed a demurrer to Appellant's complaint asserting that a local government agency could not be estopped in a tax matter. *Commonwealth v. Western Maryland Railway Co.*, 377 Pa. 312, 105 A.2d 336 (1954), *cert. denied* 348 U.S. 857 (1954). The City asserted that Appellant's failure to appeal the local administrative agency adjudication of the LERTA appeal board deprived the trial court of

subject matter jurisdiction. Because we agree with the trial court on the jurisdiction issue we need not reach the equitable estoppel argument.

In *The Aquarian Church of Universal Science v. County of York,* 90 Pa. Commonwealth Ct. 290, 494 A.2d 891 (1985), we held that where the legislature provides a mandatory and exclusive statutory remedy, equity is without power to act in relief of a party who fails to pursue that remedy. Appellant's statutory remedy under Section 752 of the Local Agency Law, 2 Pa. C. S. §752, and Section 933 of the Judicial Code, 42 Pa. C. S. §933, is to appeal to the trial court. We have repeatedly held that failure to appeal a local governmental agency adjudication within thirty days from the date of the order complained of divests the trial court of jurisdiction. *See Appeal of Federated Dept. Stores, Inc.,* 78 Pa. Commonwealth Ct. 346, 467 A.2d 908 (1985). Appellant makes no argument that this statutory remedy is inadequate and offers no excuse as to why he did not pursue it.

Instead, Appellant argues that 2 Pa. C. S. §753(b) gives him an independent right to pursue a separate equity action in the same case four months after his statutory right of appeal has expired. 2 Pa. C. S. §753(b) states:

> (b) *Equitable relief.*—The remedy at law provided in subsection (a) shall not in any manner impair the right to equitable relief *heretofore* existing, and such right to equitable relief is hereby continued, notwithstanding the provisions of subsection (a).

(Emphasis added.)

In *Arsenal Coal Co. v. Department of Environmental Resources,* 505 Pa. 198, 477 A.2d 1333 (1984), our Supreme Court interpreted 2 Pa. C. S. §703(b) governing appeals from Commonwealth agencies. 2 Pa. C. S.

§753(b) is patterned after this Section with respect to appeals from local governmental agencies and the language is identical. The Supreme Court noted that a petitioner could seek equitable relief at the same time he pursued an agency appeal or could request pre-enforcement review of administrative regulations within the original jurisdiction of this Court.

But a court's equity powers are limited by the existence of an adequate statutory remedy. *Arsenal Coal Co.* at 208, 477 A.2d at 1338. In local governmental agency appeals jurisdiction and remedy is conferred by statute. A court has no equity powers if it has no jurisdiction. 2 Pa. C. S. §753(b) may permit Appellant to pursue equitable relief existing before his statutory remedies are exhausted. But there is nothing in this Section that permits Appellant to file an equity action after his statutory remedy to the same relief has expired because he failed to appeal a local governmental agency adjudication thus depriving the trial court of subject matter jurisdiction over the action. Appellant certainly could have raised an estoppel argument in an appeal from the LERTA appeal board. Equity will not act to save Appellant from the failure to statutorily protect his interest where the statutory remedy, namely appeal from the administrative agency, is adequate to prevent the harm. *Chartiers Valley School District v. Virginia Mansions Apartments, Inc.*, 340 Pa. Superior Ct. 285, 489 A.2d 1381 (1985). The order of the trial court must be affirmed.

## ORDER

Now, October 20, 1988, the order of the Court of Common Pleas of Lycoming County at No. 86-01694, dated October 12, 1987, is hereby affirmed.

Judge MacPhail did not participate in the decision in this case.