IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
v.     :
    :
Steven Skeriotis,     :     No. 1879 C.D. 2016
       Appellant     :     Submitted: May 5, 2017


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: January 23, 2018


Steven Skeriotis (Skeriotis), pro se, appeals from the Beaver County Common Pleas Court's (trial court) September 9, 2016 order, which denied the Commonwealth of Pennsylvania, Ambridge Borough's (Borough) petition to amend the trial court's October 22, 2015 order (Petition) adjudicating Skeriotis guilty of violating the Borough's Ordinance 1248 and imposing fines and costs totaling $6,485.00. The issue before this Court is whether the trial court properly denied the Petition.

On May 21, 2015, Skeriotis was issued four summary citations (Citation Nos. R0121922-3, R0121921-2, R0121924-5 and R0121923-4) for violating Borough Ordinance 1248 pertaining to the care and maintenance of his property at 1201 Merchant Street, Ambridge. On August 6, 2015, a Magisterial District Judge (MDJ) conducted a summary trial, found Skeriotis guilty of each offense and imposed fines of $3,000.00 for each of the first three offenses, and $300.00 for the fourth (MDJ Decision).

On September 2, 2015, Skeriotis appealed from the MDJ's Decision to the trial court. On October 22, 2015, the trial court held a hearing on the appeal. At

the hearing, the Borough requested the trial court sustain Skeriotis' appeal with respect to citation No. R0121924-5 since Skeriotis had remedied the property conditions underlying that violation. After hearing testimony from Borough Fire Chief, Code Enforcement Officer and Skeriotis, the trial court found Skeriotis guilty of Citation Nos. R0121922-3, R0121921-2 and R0121923-4, and dismissed citation No. R0121924-5. It imposed the penalties for the remaining citations as set forth in the MDJ's Decision.

On November 20, 2015, Skeriotis appealed from the trial court's decision to this Court.[1] On or about June 13, 2016, the parties entered into a settlement agreement, whereby, in exchange for Skeriotis immediately withdrawing his appeal and making necessary repairs to his property, the Borough agreed to accept fines totaling $600.00 (Settlement Agreement). On June 24, 2016, Skeriotis filed a praecipe to withdraw his appeal and on said date, this Court marked the appeal discontinued. The Court returned the record to the trial court. On August 17, 2016, the trial court entered final judgment against Skeriotis. On September 6, 2016, in accordance with the Settlement Agreement, the Borough filed the Petition with the trial court requesting that Skeriotis' fines be reduced to $600.00. On September 9, 2016, the trial court denied the Petition.[2] On October 12, 2016, Skeriotis requested this Court to reinstate his appeal (Request),[3] contending that he withdrew the appeal in accordance with the Settlement Agreement based upon his expectation that the trial

---

[1] Skeriotis' appeal was docketed at No. 2329 C.D. 2015.

[2] The trial court's September 9, 2016 order was docketed on September 12, 2016.

[3] Skeriotis admitted in his Request that:

> I have since researched the matter and believe that the trial court lacked jurisdiction to reduce the sentence. At this point, I am requesting either that my appeal at [No.] 2329 C[.]D[.] 2015 be reinstated or in the alternative this [H]onorable [C]ourt 'honor the agreement of the parties' (attached) and issue an order reducing my sentence.

Skeriotis' Br. at A-5.

2

court would grant the Petition. By November 3, 2016 Memorandum and Order, this Court explained:

> There are no Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) that would authorize this Court to reinstate a discontinued appeal under these circumstances. The closest rule is Pa.R.A.P. 2547 (relating to subsequent and untimely reargument applications), but which 'will not be received' when they 'are out of time.' Thus, to the extent that [Skeriotis] asks this Court to reinstate his appeal, the [R]equest is untimely and must be denied.
>
> However, because [Skeriotis'] request was received by this Court within thirty days of when the trial court's September 9, 2016 order was docketed on September 12, 2016, the appeal from that order is accepted as timely.

Memorandum and Order, November 3, 2016, No. 2329 C.D. 2015. Accordingly, this Court ordered that Skeriotis' October 12, 2016 request be transferred to the trial court with instructions that the trial court treat the request as a timely notice of appeal from the trial court's September 9, 2016 order denying the Petition.

In a January 12, 2017 Pa.R.A.P. 1925(a) Opinion, the trial court explained its denial of the Petition as follows:

> On September 6, 2016, th[e trial c]ourt received a Petition to Amend Order of Court. Because th[e trial c]ourt was not apprised of any action taken on the pending appeal, th[e trial c]ourt did deny the Petition on September 9, 2016. To the best knowledge of the undersigned, on September 6 and 9, 2016, the appeal, and, therefore, jurisdiction, still was pending before the Commonwealth Court of Pennsylvania. . . . Since neither the Plaintiff/Petitioner nor the Defendant/Respondent nor, for that matter, the Commonwealth Court of Pennsylvania, notified th[e trial c]ourt that the Defendant/Respondent had apparently withdrawn the appeal on June 24, 2016, th[e trial c]ourt had no recourse but to deny a Petition that was untimely on its face and over which the [trial c]ourt had no apparent jurisdiction. The Docket also reflects that on August 17, 2016, after the Clerk of Courts received the Commonwealth Court's Order discontinuing the appeal, Final Judgment was

entered against the Defendant. That Final Judgment was never appealed, and for that additional reason, th[e trial c]ourt had no authority to act on September 6 or 9, 2016.

Trial Court's January 12, 2017 Pa.R.A.P. 1925(a) Opinion at 1-2. We thus consider whether the trial court erred when it denied the Petition.[4]

Skeriotis contends that he relied on the Borough's agreement to settle the matter when he withdrew his appeal, and principles of fairness required the trial court to approve the Settlement Agreement. Notwithstanding, the only issue before this Court is whether the trial court erred when it denied the Petition on the grounds that it lacked jurisdiction.

The Pennsylvania Superior Court has explained:

> Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. [Section 5505 of the Judicial Code,] 42 Pa.C.S.[] § 5505; *Commonwealth v. Kotz*, . . . 601 A.2d 811 ([Pa. Super.] 1992). Generally, once the thirty-day period is over, the trial court loses the power to alter its orders. *Commonwealth v. Martin*, . . . 499 A.2d 344 ([Pa. Super.] 1985). Also, when an appeal is taken, the trial court has no jurisdiction to modify its sentence. Pa.R.A.P. 1701(a)[.]

*Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994). In the instant matter, on October 22, 2015, the trial court imposed fines on Skeriotis for violating the Borough's ordinances. Although Skeriotis timely appealed, he withdrew his appeal on June 24, 2016, long after the thirty day period to modify expired. Once Skeriotis filed and then withdrew his appeal and thereafter judgment was entered, the trial court no longer had jurisdiction over the matter. Thus, the trial court properly denied the Petition. We are cognizant of and concerned by the inequitable result arising from our affirmance. However, after careful review, we are convinced that the trial court correctly concluded that it did not have jurisdiction. "A court has no

---

[4] "As the jurisdictional issue presented concerns only questions of law, our standard of review is *de novo* and our scope of review is plenary." *Pa. State Educ. Ass'n ex rel. Wilson v. Commonwealth*, 50 A.3d 1263, 1270 (Pa. 2012) (italics added).

equity powers if it has no jurisdiction." *Lundy v. Williamsport*, 548 A.2d 1339, 1341 (Pa. Cmwlth. 1988). Thus, the trial court could not ignore its lack of jurisdiction to exercise equity and modify the penalty.[5]

---

[5] Although we are constrained to affirm the trial court's decision, we acknowledge our unease in doing so. The Borough admits that Skeriotis negotiated in good faith and the parties reached an agreement as reflected in the Settlement Agreement and the Borough Manager's notarized letter to the trial court, wherein, he represented that he had the legal authority to approve, and did approve, the Settlement Agreement terms. **As required by the Settlement Agreement, Skeriotis withdrew his appeal** (docketed at No. 2329 C.D. 2015) **in reliance that the Borough would reduce Skeriotis' fine from $6,300.00 to $600.00**. The Borough was represented by legal counsel and negotiated for the terms contained in the Settlement Agreement. In so negotiating, at the very least, the Borough's counsel implied to the unrepresented Skeriotis that court approval of the Settlement Agreement was permitted. The Borough's counsel asserts in his brief to this Court that "neither party was aware that the practical effect of the withdrawal of the appeal was that [Skeriotis'] appeal rights would diminish." Borough Br. at 11. Notwithstanding its own culpability in this morass, and that Skeriotis paid the agreed-upon $600.00 fine and withdrew his appeal, rather than take no position in this appeal, or honor the Settlement Agreement, the Borough encourages this Court to hold that the trial court had no jurisdiction to grant the Petition it filed with the trial court requesting Skeriotis' fine be reduced. The Borough acknowledges that "[i]n good faith[,] both parties intended to carry out the terms of the proposed [Settlement] Agreement[;]" nonetheless, the Borough now argues that the trial court should have dismissed the Petition it filed for lack of jurisdiction based on Pennsylvania Rule of Criminal Procedure (Rule) 720(D). Borough Br. at 10.

Rule 720(D) states:

> **Summary Case Appeals.** There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal.

Pa. R. Crim. P. 720(D). We agree that even if the appeal had not been filed, thereby depriving the trial court of jurisdiction, Rule 720(D) would prohibit the Petition's filing. However, **this Court strenuously expresses its disapproval with the conduct of the law firm representing the Borough** in encouraging a pro se defendant to forfeit his appeal rights under the mistaken belief that he could settle with the Borough, and the Borough's subsequent affirmative efforts before this Court, seeking to capitalize on its counsel's misrepresentation of the law to thwart a settlement the Borough had previously approved, resulting in the loss of Skeriotis' substantive appeal rights. In addition to the law firm's egregious conduct, it is clear that the Borough has benefitted from Skeriotis honoring his Settlement Agreement terms to Skeriotis' detriment. Parties who have agreed to amicably resolve a matter are to honor their commitments. Justice is served when parties adhere to their agreements, and one party must not suffer for upholding his promise when the other does not. This Court admonishes the law firm and the Borough in the handling of this action, and strongly encourages them to take corrective steps in honoring the Borough's written commitment.

For all of the above reasons, the trial court's order is affirmed. [6]

_____
ANNE E. COVEY, Judge

Senior Judge Colins dissents.

---

[6] We note that the trial court should have dismissed rather than denied the Petition when it determined it lacked jurisdiction, since, lacking jurisdiction, it did not have the ability to rule thereon. Notwithstanding, the result is the same, and thus, the trial court's action constitutes harmless error.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
                                  :
                v.                :
                                  :
Steven Skeriotis,                 :      No. 1879 C.D. 2016
                     Appellant    :

## O R D E R

AND NOW, this 23rd day of January, 2018, the Beaver County Common Pleas Court's September 9, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge