## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District and    :
Chichester School District,    :
                 Appellants    :
                          :
       v.    :
                          :
Delaware County Board of Assessment  :   No. 171 C.D. 2022
Appeals and City of Chester    :   Argued: March 7, 2023


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: May 17, 2023

The Chester Upland School District and Chichester School District (collectively, School Districts) appeal from the Delaware County Common Pleas Court's (trial court) January 12, 2022 order (January 12, 2022 Order) sustaining the Delaware County (County) Board of Assessment Appeals' (Board) preliminary objections (Preliminary Objections) and dismissing the School Districts' complaint seeking declaratory relief (Declaratory Complaint) to revoke real estate tax exemptions for several properties in their districts (Declaratory Case). There are three issues for this Court's review: whether the trial court erred or committed legal error by ruling that the Declaratory Complaint should be dismissed with prejudice (1) for lack of subject matter jurisdiction; (2) due to the principles of *res judicata* and/or collateral estoppel; and (3) for failure to conform to law and/or failure to state a claim upon which relief can be granted. After review, this Court affirms.

On January 21, 2021, the School Districts, which are two County school districts, filed the Declaratory Complaint in the trial court, averring therein that they had appealed to the Board seeking to revoke the real estate tax exemptions granted for several properties in their respective districts (Exemption Appeals) following a countywide assessment revision conducted pursuant to the Consolidated County Assessment Law (Assessment Law).[1]  Therein, the School Districts alleged that in each Exemption Appeal, the Board provided written notice by First Class Mail to the respective property owner(s) and to the respective School Districts that a hearing would be held.  The School Districts further averred that the Board conducted separate hearings on each of their respective Exemption Appeals at which their counsel appeared, but neither the property owner(s) nor their representatives attended to demonstrate that the subject properties were entitled to the exemptions, and at each hearing, the School Districts' counsel requested that, in the absence of property owner challenges, the tax exemptions for the subject properties should be revoked.  The School Districts declared that the Board ultimately denied the School Districts' requests and declined to revoke the real estate tax exemptions for the 127 properties listed in Declaratory Complaint Exhibit A.

The School Districts' Declaratory Complaint consisted of two counts. In Count I, the School Districts sought to obtain a judicial determination pursuant to the Declaratory Judgments Act[2] that the Board employed the incorrect legal standard in declining to revoke the subject properties' exemptions and, therefore, the trial court should direct the Board to revoke those exemptions.  In Count II, the School Districts attempted to initiate a class action against the Board and the City of Chester (City) in the City's capacity individually and as a representative of the class of all referenced property owners.

---

[1] 53 Pa.C.S. §§ 8801-8868.
[2] 42 Pa.C.S. §§ 7531-7541.

On March 1, 2021, the Board filed the Preliminary Objections to the Declaratory Complaint. Therein, the Board averred that on December 9, 2020, under a separate trial court number, the School Districts filed a complaint in mandamus (Mandamus Complaint) and an emergency motion for peremptory judgment in mandamus (Emergency Motion) (collectively, Mandamus Case), wherein the School Districts sought a ruling that the Board impermissibly refused to revoke the real estate tax exemptions when the property owners did not appear at the hearing and, thus, failed to prove entitlement to the real estate tax exemption. The Board further stated that on December 15, 2020, the trial court held a hearing on the Emergency Motion, during which the School Districts and the Board reached an agreement in open court; the trial court entered an order on December 18, 2020, affording the School Districts until January 31, 2021, to appeal to the trial court from the Board's determinations in the Exemption Appeals;[3] and, on January 5, 2021, the trial court dismissed the School Districts' Emergency Motion (January 5, 2021 Order).

In its Preliminary Objections, the Board asserted: (1) the trial court lacked subject matter jurisdiction; (2) the School Districts' claims are barred by *res judicata* and collateral estoppel; and (3) the Declaratory Complaint failed to conform to law/failed to state a claim upon which relief can be granted. The trial court sustained the Preliminary Objections and dismissed the Declaratory Complaint with prejudice.

On March 16, 2022, the trial court issued its opinion pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(a) (Rule 1925(a) Opinion). Regarding the Board's first Preliminary Objection - that the trial court lacked subject matter jurisdiction because the School Districts failed to exhaust their administrative

---

[3] *See* Reproduced Record at 45a.

remedies - the trial court stated: "The School[] Districts' active appeals [regarding] the purported 127 properties where the Board refused to revoke the real estate tax exemption necessitate[] the dismissal of the instant [Declaratory] Complaint . . . . The School Districts are attempting to bypass the individual appeals process." Rule 1925(a) Op. at 12. The trial court sustained the Board's second Preliminary Objection - the School Districts' action was barred by *res judicata* and collateral estoppel - because the trial court previously decided the matters at issue in its Mandamus Case disposition.

Finally, the trial court sustained the Board's third Preliminary Objection - that the Declaratory Complaint failed to conform to law/failed to state a claim upon which relief can be granted - reasoning:

> Here[,] the Assessment Law provides that the School Districts[,] as taxing districts[,] have the right to appeal **any** assessment within their jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were [sic] taken by a taxable person with respect to the assessment. *See* [Section 8855 of the Assessment Law,] 53 Pa.C.S. § 8855 (emphasis added). Because the Assessment Law provides a process for the School Districts to adequately obtain the relief they seek, the proposed class action lawsuit is improper.
>
> Additionally, the School Districts named the [City] as a [d]efendant in conjunction with their request that the [t]rial [c]ourt certify [the Declaratory Case] as a class action and appoint the [City] as class representative to represent the class of [p]roperty [o]wners listed in Exhibit A to the [Declaratory] Compliant [sic]. However, the [City] is also a taxing district and[,] as a taxing district[,] the City has a vested pecuniary interest in the assessment of every property located within its geographic boundaries. *See generally* [Sections 8844, 8846, 8848 and 8855 of the Assessment Law,] 53 Pa.C.S. §§ 8844, 8846, 8848[, and] 8855. The inherent conflict between the City and the interests of the [p]roperty [o]wners within its boundaries prohibits class certification.

4

Rule 1925(a) Op. at 16-17.  The School Districts appealed to this Court.[4]

The School Districts first argue that the trial court erred by sustaining the Board's first Preliminary Objection that the trial court lacked subject matter jurisdiction because the School Districts had not exhausted their administrative/statutory remedies.  The School Districts contend that they exhausted their administrative remedies, and further claim, that the relief they requested is permissible under the Declaratory Judgments Act.

This Court has declared:

> A party may not seek judicial resolution of a dispute until he or she has exhausted available statutory or administrative remedies.  [*See* Section 1504 of the Statutory Construction Act of 1972,] 1 Pa.C.S. § 1504; *City of Phila*[.] *v. Lerner*, . . . 151 A.3d 1020, 1024 ([Pa.] 2016) (citing *Canonsburg Gen. Hosp. v. Dep't of Health*, . . . 422 A.2d 141, 144 ([Pa.] 1980)).  The doctrine "reflects a recognition of the general assembly's directive of strict compliance with statutorily prescribed remedies" and it also acknowledges that "an unjustified failure to follow the administrative scheme undercuts the foundation upon which the administrative process was founded." *Jordan v. Fayette C*[*n*]*ty. Bd. of Assessment Appeals*, 782 A.2d 642, 646 (Pa. Cmwlth. 2001) (quoting *Shenango Valley Osteopathic Hosp. v. Dep't of Health*, . . . 451 A.2d 434 ([Pa.] 1982)).  If a party fails to pursue a statutory remedy, **the court is without power to act until the statutory remedies have been exhausted**, even in cases where a

---

[4] When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary.  Preliminary objections may be sustained when, based on the facts pled, it is clear that the plaintiff will be unable to establish a right to relief.  All well-pled material facts alleged in the complaint, and the inferences fairly deducible therefrom, must be accepted as true.  However, conclusions of law, argumentative allegations, expressions of opinion and unwarranted inferences need not be accepted.

*Young v. Est. of Young*, 138 A.3d 78, 84-85 (Pa. Cmwlth. 2016) (citations omitted).

constitutional question is presented. *Muir v. Alexander*, 858 A.2d 653, 660 (Pa. Cmwlth. 2004).

*Martel v. Allegheny Cnty.*, 216 A.3d 1165, 1172 (Pa. Cmwlth. 2019) (emphasis added). "It is well[ ]settled that when an adequate statutory remedy exists, [a c]ourt lacks jurisdiction to entertain a suit in either **law or equity**." *Chambers Dev. Co., Inc. v. Dep't of Env't Res.*, 532 A.2d 928, 930 (Pa. Cmwlth. 1987) (emphasis added).

> [A] "court's equity powers are limited by the existence of an adequate statutory remedy." [*Lundy v. City of Williamsport*, 548 A.2d 1339,] 1341 [(Pa. Cmwlth. 1988)] (citing *Arsenal Coal Co. v. Dep't of Env*[']*t Res.*, . . . 477 A.2d 1333 ([Pa.] 1984)). Further, "[i]n local governmental agency appeals[,] jurisdiction and remedy is conferred by statute. A court has no equity powers if it has no jurisdiction." *Lundy*, 548 A.2d at 1341.

*In re Est. of Pancari*, 176 A.3d 404, 409 (Pa. Cmwlth. 2017); *see also E. Coast Vapor, LLC v. Pa. Dep't of Revenue*, 189 A.3d 504 (Pa. Cmwlth. 2018). Thus, "[t]he courts must refrain from exercising equity jurisdiction when there exists an adequate statutory remedy." *Keystone ReLeaf LLC v. Pa. Dep't of Health*, 186 A.3d 505, 513 (Pa. Cmwlth. 2018); *see also Zarwin v. Montgomery Cnty.*, 842 A.2d 1018, 1021 (Pa. Cmwlth. 2004) ("It is axiomatic that a court should not exercise equitable jurisdiction where the plaintiff has an adequate remedy at law."); *Klein v. Shadyside Health Educ. & Rsch. Corp.*, 643 A.2d 1120, 1125 (Pa. Cmwlth. 1994) ("The use of equity jurisdiction is particularly inappropriate when . . . a statutory . . . appeal is already being pursued.").[5]

---

[5] The School Districts contend that "an alleged failure to exhaust administrative remedies . . . would not deprive the lower court of subject matter jurisdiction." School Districts' Br. at 5. However, this Court has held:

> "It is well settled that when an **adequate administrative remedy exists**, [a] **Court lacks jurisdiction** to entertain a suit in either law or equity." *Grand Cent*[.] *Sanitary Landfill, Inc.* [*v. Dep't of Env't Res.*], 554 A.2d [182,] 184 [(Pa. Cmwlth. 1989)]. "The doctrine of exhaustion of administrative remedies requires a party to exhaust all

6

The doctrine of exhaustion of administrative remedies is intended to prevent the premature interruption of the administrative process, which would restrict the agency's opportunity to develop an adequate factual record, limit the agency in the exercise of its expertise, and impede the development of a cohesive body of law in that area.[6]

---

adequate and available administrative remedies before the right of judicial review arises." *Empire Sanitary Landfill, Inc.* [*v. Dep't of Env't Res.*], 684 A.2d [1047,] 1053 [(Pa. 1996)]. It is a court-made doctrine "intended to prevent premature judicial intervention into the administrative process" and "**operates as a restraint on the exercise of a court**'**s equitable powers** and a recognition of the legislature's direction to comply with statutorily-prescribed remedies." *Id.*

*Pa. Indep. Oil & Gas Ass'n v. Dep't of Env't Prot.*, 135 A.3d 1118, 1129 (Pa. Cmwlth. 2015) (emphasis added).

[6] Notwithstanding,

[t]here are narrow circumstances where exhaustion of remedies is not required. *See Commonwealth ex rel. Nicholas v. P*[*a.*] *Lab*[.] *Rel*[*s.*] *B*[*d.*], . . . 681 A.2d 157 . . . ([Pa.] 1996). Indeed, our Supreme Court has recognized three exceptions to the exhaustion of administrative remedies for constitutional attacks:

The first exception is where the jurisdiction of an agency is challenged. The second exception is where the constitutionality of a statutory scheme or its validity is challenged. The third exception is where the legal or equitable remedies are unavailable or inadequate, or the administrative agency is unable to provide the requested relief.

*Empire Sanitary*, 684 A.2d at 1054 (internal citations omitted). . . .

. . . .

A party seeking to avoid exhaustion must demonstrate a "substantial question of constitutionality (and not a mere allegation) *and* the absence of an adequate statutory remedy." *Kowenhoven v. C*[*nty.*] *of Allegheny*, . . . 901 A.2d 1003, 1012 n.8 ([Pa.] 2006) (quoting *Borough of Green Tree v. B*[*d.*] *of Prop*[.] *Assessments, Appeals & Rev*[.] *of Allegheny C*[*nty.*], . . . 328 A.2d 819, 822 ([Pa.] 1974) (plurality)) (emphasis added) . . . . The exception applies to facial challenges "made to the constitutionality of the statute or regulation *as a whole, and not merely to the application of the statute or regulation in a particular case.*" *Lehman v. P*[*a.*] *State Police*, . . .

7

*Keystone ReLeaf*, 186 A.3d at 513.  Accordingly,

> equity jurisdiction is precluded unless a two-part test is satisfied: the taxpayers must (1) raise a substantial constitutional issue, and (2) lack an adequate remedy through the administrative appeal process.  *See Borough of Green Tree* [*v. Bd. of Prop. Assessments, Appeals & Rev.*], . . . 328 A.2d [819,] 822 [(Pa. 1974)] ("[W]hat is required to confer jurisdiction on an equity court is the existence of a substantial question of constitutionality (and not a mere allegation) *and* the absence of an adequate statutory remedy."  ([E]mphasis in original[.]) (quoting *Rochester & Pittsburgh Coal Co. v. Indiana C*[*nty.*] *Bd. of Assessment & Revision of Taxes*, . . . 266 A.2d 78, 79 ([Pa.] 1970))[]; *Kowenhoven* [*v. Cnty. of Allegheny*], . . . 901 A.2d [1003,] 1012 n.8 [(Pa. 2006)].

*Beattie v. Allegheny Cnty.*, 907 A.2d 519, 524-25 (Pa. 2006) (bold emphasis added).

> **A substantial question of constitutionality is one that challenges "the validity of the statute as a whole and not simply a challenge to the application of the statute to a particular party**."  *Cherry* [*v. City of Phila.*,] 692 A.2d [1082,] 1084 [(Pa. 1997)].  In other words, there must be a facial or direct challenge to the statute, as opposed to an as-applied challenge.

*E. Coast Vapor*, 189 A.3d at 511 (emphasis added).

The School Districts contend that they exhausted their administrative remedies by filing the Exemption Appeals to the Board and appealing from the Board's decisions to the trial court before asserting the instant claim in the trial court.  Citing *Martel*, the School Districts insist that "[this] Court has made clear that[,] so long as the aggrieved party commenced the appeals process under the Assessment Law and appealed the Board's decision to the trial court, the aggrieved party may also seek declaratory relief."  School Districts' Br. at 6.

---

839 A.2d 265, 275 ([Pa.] 2003) (emphasis added); *accord Funk* [*v. Dep't of Env't Prot.*,] 71 A.3d [1097,] 1102 [(Pa. Cmwlth. 2013)].

*Keystone ReLeaf*, 186 A.3d at 513-14.

In *Martel*, the property owners filed a class action complaint in equity against the county board of assessment appeals and review (county board) pursuant to the law known as the Second Class County Assessment Law,[7] challenging property reassessments that the county board had ordered in assessment appeals brought by the school district, the county and the city (collectively, taxing authorities). The county board and taxing authorities filed preliminary objections that the property owners failed to exhaust their statutory remedies at law. Relying on *Beattie's* two-part test, the trial court overruled the preliminary objections. On appeal, this Court, *en banc*, concluded that the trial court erred in applying the *Beattie* test.

With respect to an adequate remedy, the *Martel* Court explained:

The [Second Class County] Assessment Law specifically grants the [county b]oard the "power" and "duty" "[t]o hear all cases of appeals from assessments, and *all complaints as to assessments*, errors, exonerations *and refunds*." Section 4 of the [Second Class County] Assessment Law, 72 P.S. § 5452.4(c) (emphasis added). "[A]ny taxable person may apply to the [county] board for the reassessment of any subject of taxation which he considers incorrectly assessed or as to which he considers himself entitled to a change in valuation . . . ." Section 14 of the [Second Class County] Assessment Law, 72 P.S. § 5452.14. If a taxpayer prevails on his or her appeal and the [county b]oard or trial court lowers the assessed value of his or her real estate, the taxpayer will be entitled to a refund for the tax years at issue and interest. Section 17(a) of the [Second Class County] Assessment Law, 72 P.S. § 5452.17(a). However, if the [county b]oard renders a decision regarding the reassessments and refunds that the taxpayer disagrees with, the aggrieved taxpayer may file an appeal to the trial court. Section 11 of the [Second Class County] Assessment Law, 72 P.S. § 5452.11; *Chartiers Valley Sch. Dist. v. Bd. of Prop. Assessment, Appeals & Rev*[.], . . . 622 A.2d 420, 427 ([Pa. Cmwlth.]

_____

[7] Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §§ 5452.1-5452.20.

9

1993) (explaining that the trial court conducts a *de novo* hearing on assessment appeals referenced in 72 P.S. § 5452.11).

As for [the] [p]roperty [o]wners' request for injunctive and declaratory relief and attorneys' fees and costs, **if they are unsuccessful before the [county b]oard on their claims for reassessments and refunds, they can seek this additional relief from the trial court in their appeal as provided by [Section 11 of the Second Class County Assessment Law,] 72 P.S. § 5452.11**. **[The] [p]roperty [o]wners may seek an injunction pursuant to Pennsylvania Rule of Civil Procedure 1531[, Pa.R.Civ.P. 1531,] and may seek a declaration regarding the [Allegheny County] Administrative Code[8] and [county b]oard [r]ule as provided in Section 7532 of the Declaratory Judgments Act, 42 Pa.C.S. § 7532**. Similarly, [p]roperty [o]wners may request attorneys' fees and costs from the trial court due to the [county b]oard's failure to provide them with the requested assessment and refund relief pursuant to Section 2503 of the Judicial Code, 42 Pa.C.S § 2503.

[The] [p]roperty [o]wners, here, acknowledged that one of their complainants, the Martels, commenced the appeals process under the [Second Class County] Assessment Law. The Martels filed an appeal with the [county b]oard with respect to their property assessment but the [county b]oard did not provide the relief they sought[,] so they filed a timely appeal of the [county b]oard's decision with the "Court of Common Pleas Board of Viewers and docketed at No. BV-001316." [*Martel*] Complaint ¶ 37. **Because the Martels appealed the [county b]oard's decision to the trial court as provided by the [Second Class County] Assessment Law, they may seek injunctive and declaratory relief, in addition to attorneys' fees, costs, and any other relief to which they contend they are entitled as a result of the [county b]oard's failure to properly grant them relief on the assessments and refunds**. <u>**The legislature provided an appeals process per the [Second Class County] Assessment Law to obtain the relief sought in the complaint**</u>, <u>**and the process must be followed**</u>

---

[8] Allegheny County, Pa., Administrative Code.

10

> **exclusively**. *Lilian v. Commonwealth*, . . . 354 A.2d 250,
> 252-53 ([Pa.] 1976) (explaining that where the legislature
> provides a statutory form of relief, it must be followed
> exclusively).

*Martel*, 216 A.3d at 1173-74 (bold and underline emphasis added; footnotes omitted).

Because the Second Class County Assessment Law provided an adequate process for the individual property owners to obtain the relief sought, the *Martel* Court found that the class action lawsuit was improper. Further, the *Martel* Court held that the trial court erred in applying the *Beattie* test when it concluded that the property owners had raised a substantial constitutional question to provide the basis for equity jurisdiction, because "the exercise of equity jurisdiction *is* appropriate when a 'substantial frontal attack' to the statute is brought[,] but it is *not* appropriate when the challenge pertains to the application of the statute." *Martel*, 216 A.3d at 1176.

Contrary to the School Districts' contention, *Martel* does not stand for the proposition that because the School Districts commenced the appeals process under the Assessment Law and appealed from the Board's decision to the trial court, they may also file an action in the trial court's equitable jurisdiction seeking declaratory relief. Rather, the School Districts may seek equitable relief in their statutory appeals to the trial court from the Exemption Appeals. In the Exemption Appeals, the Assessment Law permitted the School Districts to appeal from each Board determination to the trial court, and the School Districts did so. The statutory remedy ***includes*** an appeal from the Board to the trial court, *see* 53 Pa.C.S. § 8855,

11

and is not exhausted until it is complete.[9] The School Districts must pursue that statutorily authorized process unless they can satisfy both parts of the *Beattie* test.[10]

The School Districts filed the instant Declaratory Case in the trial court seeking equity jurisdiction, contending, *inter alia*, that the Board's misapplication of the relevant burden violates their due process rights.[11] As in *Martel*, the School Districts' constitutional challenge applies to the Board's **application** of the Assessment Law and, thus, it does not meet the requisite *Beattie* standard by raising a "substantial question of constitutionality." *E. Coast Vapor*, 189 A.3d at 511.

---

[9] The School Districts also assert that the trial court erroneously relied "solely on case law governing declaratory actions filed in the [trial court] as a court of original jurisdiction where the plaintiffs completely bypassed a board of assessment appeals." School Districts' Br. at 7. Notwithstanding, this Court has described the use of declaratory judgment actions as "inappropriate" where a statutory appeal to a trial court was pending. *Klein*, 643 A.2d at 1125.

[10] As described in *Martel*, parties appealing from tax assessment decisions may seek, *inter alia*, equitable relief in individual trial court appeals, but they may not implement a separate declaratory judgment action outside of the process set forth in the Assessment Law.

[11] The School Districts complain that the Board erroneously placed the burden on the School Districts to prove the subject properties were not exempt. The Board retorts:

> Despite [the] School Districts' argument that the law places the burden of proof on a property owner to demonstrate that they <u>continue</u> to qualify for an exemption before a [b]oard of [a]ssessment, [the] School Districts have not cited one case decided since the Institutions of Purely Public Charity Act[, Act of November 26, 1997, P.L. 508, 10 P.S. §§ 371-385 (IPPCA),] was enacted in 1997 for this proposition. **Every case cited by School Districts that was decided since 1997 arose in the context of a property owner initially seeking an exemption where they clearly have the burden of proof**. This is a critical distinction because the burden of proof is shifted by the [IPPCA] for institutions that have less than $10 million in revenue. [*See* Section 6 of the IPPCA, 10 P.S. § 376]. In those cases, the burden of proof is on a taxing authority seeking to challenge exempt status.

Board Br. at 17 (emphasis added; footnotes omitted).

12

Accordingly, the trial court properly sustained the Board's first Preliminary Objection for lack of subject matter jurisdiction.[12, 13]

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this matter.

---

[12] With respect to the second *Beattie* element, that the party lacks an adequate remedy, the Pennsylvania Supreme Court has explained:

> "[I]n order to determine whether equity jurisdiction is proper in the face of an existing legal or statutory remedy, we must determine if the legal remedy available to the plaintiff is adequate and complete. . . . **Where . . . a legal remedy would result in a multiplicity of duplicative lawsuits and**, **in contrast**, **an action in equity would provide a tidy global resolution**, **this Court has found the legal remedy to be inadequate**."

*Kowenhoven*, 901 A.2d at 1011 (emphasis added) (quoting *Pentlong Corp. v. GLS Cap., Inc.*, 820 A.2d 1240, 1245-46 (Pa. 2003) (superseded by statute)). The trial court in the instant matter recognized that there are appeals pending in the trial court with respect to the 127 properties where the Board refused to revoke the real estate tax exemption. In each such Exemption Appeal, the property owners failed to offer evidence to establish their right to a tax exemption; nonetheless, the Board granted each an exemption. Thus, although it appears that the School Districts would satisfy the second *Beattie* element, the *Beattie* test requires *both* elements to be met to secure equity jurisdiction.

[13] Having concluded that the trial court properly sustained the Board's first Preliminary Objection, this Court does not reach the remaining issues.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District and :
Chichester School District, :
                    Appellants :
                     :
        v. :
                     :
Delaware County Board of Assessment :   No. 171 C.D. 2022
Appeals and City of Chester :

## O R D E R

AND NOW, this 17th day of May, 2023, the Delaware County Common Pleas Court's January 12, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge